```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
Balewa Mayo,
                              *
     Petitioner,
                              *
          v.                       CIVIL NO.:    WDQ-07-2646
                              *    CRIMINAL NO.: WDQ-06-0074
UNITED STATES OF AMERICA,
                              *
     Respondent.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Pending is Balewa Mayo's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Mayo's motions will be denied.

I.   Background

On February 23, 2006, Mayo was indicted for conspiracy to distribute and possess with intent to distribute cocaine, cocaine base and heroin in violation of 21 U.S.C. § 846. On April 10, 2006, Mayo pled guilty pursuant to a cooperation agreement with the Government. Mayo and the Government agreed that he was a career offender under the advisory guidelines. Agreement at 5. Mayo and the Government also agreed that during the conspiracy the distribution of five to 15 kilograms of cocaine was reasonably foreseeable to Mayo. *Id.* Under the agreement, the Government agreed that it would request a downward departure of up to four levels for Mayo's cooperation.

As a career offender, Mayo's adjusted total offense level of 34 and criminal history category of VI placed him in an advisory guidelines sentencing range of 262-327 months. Presentence Investigation Report at 5, 8. After the Court granted the Government's § 5K1.1 motion for a four level downward departure, he was sentenced to the bottom of the 168-210 months advisory guidelines sentencing range.

On October 19, 2006, Mayo appealed his sentence to the Fourth Circuit, and on July 13, 2007 it was dismissed.

II. Analysis

    A.   Motion to Vacate, Set Aside, or Correct Sentence

Mayo argues that because he provided the Government with invaluable information, he should have been sentenced to the statutory mandatory minimum sentence of ten years. The Government counters that Mayo has provided no evidence that the Court's sentence was unlawful. The Government maintains that Mayo's sentence was reasonable and within the advisory guidelines range.

The Court determined that the advisory guidelines sentence imposed met the sentencing objectives of 18 U.S.C. § 3553(a). Accordingly, Mayo's § 2255 motion will be denied.

III. Conclusion

For the above stated reasons, Mayo's motion will be denied.

<u>January 30, 2008</u>                       <u>      /s/               </u>
Date                                         William D. Quarles, Jr.
                                            United States District Judge